1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RICHARD MANUEL BURGOS,

11          Plaintiff,                        No. CIV S-10-3274 EFB P

12      vs.

13   ROBERT LONG, et al.,

14          Defendants.                       ORDER

15   _____/

16          Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

17   U.S.C. § 1983.[1]  He has filed three motions for preliminary injunctive relief.  Dckt. Nos. 13, 14,

18   15.  For the reasons provided below, the motions must be denied.

19          In all three motions, plaintiff seeks to stop his transfer out of California State Prison –

20   Solano (hereinafter "CSP – Solano"), which plaintiff contended would occur before the end of

21   March 2011.  He asks the court to order defendant Long, along with non-parties Alvaro

22   Traquina, M.D., and R. Tan, M.D., to halt the transfer, alleging that Traquina and Tan falsified

23   medical documents at the behest of Long to qualify plaintiff for a disability-based transfer out of

24   CSP-Solano.  Plaintiff alleges that the individuals took this action to retaliate against plaintiff for

25

26          [1] This case is before the undersigned pursuant to plaintiff's consent.  *See* 28 U.S.C. § 636;
     *see* also E.D. Cal. Local Rules, Appx. A, at (k)(1)-(2).

1

1    this lawsuit and another suit he states he has pending against Traquina.

2          To be entitled to preliminary injunctive relief, a party must demonstrate "that he is likely

3    to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary

4    relief, that the balance of equities tips in his favor, and that an injunction is in the public

5    interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v.*

6    *Natural Res. Def. Council, Inc*., 555 U.S. 7, 129 S. Ct. 365, 374 (2008)).  The Ninth Circuit has

7    also held that the "sliding scale" approach it applies to preliminary injunctions – that is,

8    balancing the elements of the preliminary injunction test, so that a stronger showing of one

9    element may offset a weaker showing of another – survives *Winter* and continues to be valid.

10   *Alliance for Wild Rockies v. Cottrell*, 622 F.3d 1045, 1050 (9th Cir. 2010).  "In other words,

11   'serious questions going to the merits,' and a hardship balance that tips sharply toward the

12   plaintiff can support issuance of an injunction, assuming the other two elements of the Winter

13   test are also met." *Id.*  In cases brought by prisoners involving conditions of confinement, any

14   preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the

15   harm the court finds requires preliminary relief, and be the least intrusive means necessary to

16   correct the harm." 18 U.S.C. § 3626(a)(2).  Additionally, a preliminary injunction will not issue

17   unless necessary to prevent threatened injury that would impair the court's ability to grant

18   effective relief in a pending action.  *Sierra On-Line, Inc. v. Phoenix Software, Inc*., 739 F.2d

19   1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871 F.2d 863 (9th Cir. 1989).  A

20   preliminary injunction represents the exercise of a far reaching power not to be indulged except

21   in a case clearly warranting it.  *Dymo Indus. v. Tapeprinter, Inc*., 326 F.2d 141, 143 (9th Cir.

22   1964).

23         In this action , plaintiff alleges that defendant Long and other defendants subjected him

24   to cruel and unusual punishment by forcing him to work at a job that required him to take actions

25   that caused him pain due to his serious medical conditions.  Defendant Long advised plaintiff

26   ////

1    that if he did not work, he would be transferred.  Dckt. No. 1 at 8.[2]  He requests damages and an

2    injunction ordering defendants to provide him with a proper work assignment based on his

3    physical limitations, but his complaint contains no request for an injunction prohibiting his

4    transfer to another institution.  *Id.* at 12.

5           Plaintiff argues that he is likely to succeed on the merits of this action because:

6           Defendants have intentionally interfered with license doctor prescribed health
            care treatment.  Dr. Traquina, M.D. takes orders from Defendant Long and other
7           non-medical-staff to take away prescribed health care treatment and then alter
            medical records to state the treatment is not necessary.  Defendant Long
8           previously asked Dr. Traquina, M.D. to classify Plaintiff as DPP until Dr.
            Shadday, M.D. performed the required physical/mobility examination.
9

10   Dckt. No. 15 at 5.

11          "DPP" refers to the California Department of Corrections and Rehabilitation's

12   "Disability Placement Program," in which inmates with disabilities are categorized in an attempt

13   to comply with the injunction issued in the *Armstrong* litigation (N.D. Cal. Case No. C 94-2307

14   CW) to ensure that California prisons comply with the Americans with Disabilities Act.  *See*

15   Dckt. No. 15 at 19-25 (January 2010 CSP-Solano memorandum regarding the Disability

16   Placement Program).

17          Under the DPP, as instituted by CSP-Solano, inmates meeting certain criteria are given

18   specific classifications that determine whether they will remain at CSP-Solano or be transferred

19   to another institution.  *Id.* at 21.  Inmates who have a lower extremity mobility impairment and

20   require level terrain and no obstructions in their path of travel must also be transferred from

21   CSP-Solano, even if they are able to walk 100 yards without pause, under the designation

22   "DNM: Mobility Impairment (Lower Extremities)."  *Id.*

23          Plaintiff's attachments show that Dr. Traquina recommended designating plaintiff

24   "DNM" requiring relatively level terrain and no obstructions in his path of travel in February

25

26          [2] Page citations to items on the court's docket reflect the page numbers assigned by the
     court's electronic docketing system and not the numbers assigned by the parties.

1   2011. *Id.* at 13-14.  As of March 8, 2011 (the same day plaintiff's first preliminary injunction

2   motion was filed), a request by Office Assistant Lakeiza L. Roberts was pending that plaintiff

3   receive a physical examination to determine whether he meets DPP criteria, based on plaintiff's

4   complaint that Dr. Traquina's recommended designation was not accompanied by the required

5   examination. *Id.*  While plaintiff contends that Dr. Jude Shadday at an unspecified time

6   determined that plaintiff did not meet DPP criteria, his documentation does not support that

7   contention.  Plaintiff cites to his Exhibit C, a difficult-to-read handwritten document apparently

8   authored by Dr. Shadday in 2009 that notes that plaintiff has certain mobility impairments and

9   does not appear to refer to the DPP. *Id.* at 27.  Plaintiff filed an administrative appeal regarding

10  Dr. Traquina's recommendation in late February 2011. *Id.* at 10-12.

11      While plaintiff may disagree with his DPP designation, he has not provided the court

12  with anything beyond his own conclusory assertions to show that the designation was made in

13  retaliation for his legal filings.  Moreover, plaintiff has made no showing that he is likely to

14  succeed on the claims actually raised in his complaint (that defendant Long and others subjected

15  him to cruel and unusual punishment by requiring him to work at a job he could not perform due

16  to his disabilities).

17      Plaintiff has also failed to show that he is likely to suffer irreparable harm if an injunction

18  does not issue.  Plaintiff claims that his court evidence and "health care appliances and

19  treatments" will be lost in the transfer.  Plaintiff's speculation that his property will be lost does

20  not amount to a showing of irreparable injury. *Goldie's Bookstore v. Super. Ct.*, 739 F.2d 466,

21  472 (9th Cir. 1984) ("Speculative injury does not constitute irreparable injury.").  Moreover,

22  should plaintiff's property be lost, he may seek recourse through the prison appeals process and

23  the courts; accordingly, such injury is not irreparable.

24      As for the balance of hardships and public interest aspects of the preliminary injunction

25  inquiry, these elements do not tip clearly in plaintiff's favor.  While plaintiff alleges that CSP-

26  Solano has accommodated his physical limitations since 1992 and would not suffer if made to

4

1  continue to do so, the court is wary of interfering with the prison's attempt to comply with the

2  *Armstrong* injunction, especially in this case, where plaintiff's complaint does not challenge his

3  DPP classification, that classification has apparently not been made permanent, and plaintiff's

4  administrative appeal of the classification remains pending.

5      For the foregoing reasons, plaintiff's March 8, 2001, March 11, 2011, and March 16,

6  2011 requests for injunctive relief (Docket Nos. 13, 14, and 15) are denied.

7  DATED:  May 17, 2011.

8

9  EDMUND F. BRENNAN
   UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26