IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD MANUEL BURGOS,

    Plaintiff,                      No. CIV S-10-3274 GEB EFB P

    vs.

ROBERT LONG, et al.,

    Defendants.                  ORDER AND
                                        FINDINGS AND RECOMMENDATIONS

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Currently before the court are: (1) plaintiff's motion for a preliminary injunction (Docket No. 50); (2) defendants' motion to strike plaintiff's "opposition" to defendants' answer (Docket No. 51); (3) plaintiff's motion for an extension of time and a protective order (Docket No. 57); (4) defendants' requests to conduct plaintiff's deposition via videoconference and for an extension of time to do so (Docket Nos. 59, 60); and (5) plaintiff's motion for sanctions against defendants for submitting allegedly false information to the court (Docket No. 62). For the reasons provided below, the court will grant defendants' motions to strike and for a video deposition and plaintiff's request for an extension of time. The court will deny plaintiff's requests for a protective order and sanctions and will recommend that plaintiff's motion for a preliminary injunction be denied.

1

**I.     Motion for Preliminary Injunction and Motion for Sanctions**

In his motion for preliminary injunction, plaintiff states that, on July 13, 2011 (one day before he filed the motion), correctional officers confiscated his legal documents. Dckt. No. 50 at 1-2. Plaintiff wishes for the court to order defendants to return the documents. *Id.* According to plaintiff, these documents are necessary for the prosecution of a civil action in which he is seeking certain allegedly necessary medical treatment.

Defendants have submitted evidence that plaintiff's documents were seized as part of a search for contraband in the unit in which plaintiff was housed. Dckt. No. 58-1, Defs.' Opp'n to Pl.'s Mot. for Prelim. Inj., Decl. of J. Herrerra at ¶¶ 4-5. Plaintiff's property was returned two days later, on July 15, 2011 (one day after plaintiff filed his motion). *Id.* at ¶ 6.

Plaintiff has submitted a "motion for sanctions against defendants filing false information in court declaration of J. Herrera" in which he identifies several pieces of information in Herrera's declaration that he believes are false. Dckt. No. 62. Plaintiff claims that not all of his property was returned on July 15, 2011. Documents included in plaintiff's motion indicate that he filed inmate appeals alleging that "legal materials, evidence, law books were damaged/torn/missing," *id.* at 8, and "some of the federal evidence cannot be locate [sic]," *id.* at 11, 17. *See also id.* at 41 ("Defendants and PVSP officials have not returned all of plaintiff [sic] court records-evidence"). Elsewhere, plaintiff claimed that specific items were not returned, providing an itemized list that did not include any evidence or other material necessary to his litigation activities. *Id.* at 15 ("On July 15, 2011 most of my property was returned. I then discovered my authorized personal property (Sentry Rectangular Stick-On Clock $3.97; Clear Water Container $1.80; Oil for Clippers $2.00; Legal lables [sic] $19.95; Carbon paper $24.97) was missing.").

Plaintiff has not established that Herrera made any materially false statements in his declaration. And while plaintiff may believe that the search of his cell and confiscation of his property violated state law, these allegations are properly the subject of a separate lawsuit and

1  cannot be adjudicated here, where the search occurred after the filing of the complaint and was
2  unrelated to the allegations of the complaint (which regard alleged indifference to plaintiff's
3  medical needs by persons not involved in the search) and thus cannot be properly exhausted in
4  this suit. *See McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (per curiam) *and*
5  *Rhodes v. Robinson*, 621 F.3d 1002, 1004-07 (9th Cir. 2010) (together holding that claims must
6  be exhausted prior to the filing of the original or supplemental complaint); *Jones v. Felker*, No.
7  CIV S-08-0096 KJM EFB P, 2011 U.S. Dist. LEXIS 13730, at *11-15 (E.D. Cal. Feb. 11, 2011);
8  Fed. R. Civ. P. 20(a)(2) (multiple defendants may be joined in an action only where the suit
9  regards "the same transaction, occurrence, or series of transactions or occurrences" or "any
10 question of law or fact common to all defendants"). Accordingly, the court finds no cause for
11 sanctions, and plaintiff's motion for such will be denied.

12 Moreover, plaintiff has not identified any specific item of property needed for his
13 litigation activities that was not returned to him. Accordingly, the court has no reason to
14 disbelieve that plaintiff's necessary legal documents were returned to him on July 15, 2011, and
15 plaintiff's request for an order compelling their return should be denied as moot.

16 **II.    Motion to Strike**

17 On July 13, 2011, plaintiff filed an "opposition" to defendants' answer. Dckt. No. 49.
18 Defendants seek to have that filing stricken, as the court did not order plaintiff to reply to the
19 answer.

20 Federal Rule of Civil Procedure 7(a) authorizes the filing of a reply to an answer only
21 where ordered by the court. The court has not so ordered, and thus must agree with defendants
22 that plaintiff's "opposition" is an unauthorized pleading. Accordingly, the court will grant
23 defendants' motion to strike.

24 Plaintiff apparently believes that he is required to file a pleading "to deny and oppose
25 defendants' answer" or the allegations made in the answer will be deemed true by the court.
26 That is not the law. Federal Rule of Civil Procedure 8(b)(6) provides, "An allegation . . . is

3

admitted if a responsive pleading is required and the allegation is not denied. *If a responsive pleading is not required, an allegation is considered denied or avoided*" (emphasis added). As plaintiff was not required to file a responsive pleading to the answer, the court does not consider the allegations in the answer to be true but rather to be denied or avoided by plaintiff.

### III.   Motion for Extension of Time and for Protective Order

Plaintiff has submitted a motion in which he requests an extension of time to serve his discovery responses on defendants. Dckt. No. 57. He also lists a number of limitations on his law library access and seeks an order compelling prison officials to copy his discovery responses or allow him access in order to do so. Plaintiff has now had over one month since the filing of his motion to access the library and make the necessary copies. As it is not clear that plaintiff has been prevented from doing so, the court will deny without prejudice plaintiff's request for a protective order compelling prison staff to make the copies or provide him with access to the library. If plaintiff remains unable to make the necessary copies despite his diligence, he may renew his motion. The court will grant plaintiff's request for an extension of time, however, and plaintiff shall have up to and including November 21, 2011 to serve his discovery responses on defendants.

### IV.   Motion for Remote Deposition

On October 4, 2011, defendants submitted a motion to conduct plaintiff's deposition via videoconference, in order to avoid travel expenditures that would be incurred if defense counsel were required to travel to plaintiff's place of incarceration. *See* Fed. R. Civ. P. 30(b)(4) (providing that, on motion, the court may order that a deposition be taken by remote means). Dckt. No. 59. On October 7, 2011, defendants further requested an extension of the discovery deadline to October 28, 2011 to conduct the deposition. Dckt. No. 60. Plaintiff has filed an opposition, arguing that resolution of his motion for a preliminary injunction requiring his transfer back to CSP-Solano (Docket No. 18) and his motion for an extension of time and protective order (*see* Section III *supra*) in his favor will render the need for a remote deposition

4

moot. The court has long since denied plaintiff's motion for an injunction compelling his transfer to CSP-Solano, however. Dckt. No. 32, Order of May 24, 2011. And the court finds no reason why plaintiff's request for an extension of time and protective order, discussed above, should impact whether or not defendants may depose him via videoconference rather than in person. Accordingly, the court will grant defendants permission to conduct plaintiff's deposition via videoconference. Further, the court will grant defendants' request for an extension of time to do so. Defendants shall have up to and including November 21, 2011 to conduct plaintiff's deposition.

## V.     Order and Findings and Recommendations

For the foregoing reasons, it is hereby ORDERED that:

1. Plaintiff's motion for sanctions filed October 18, 2011 (Docket No. 62) is denied.

2. Defendant's motion to strike plaintiff's "opposition" to the answer filed August 1, 2011 (Docket No. 51) is granted, and the Clerk is directed to strike plaintiff's "opposition" to the answer (filed July 13, 2011, Docket No. 49) from the docket.

3. Plaintiff's request for an extension of time to serve his discovery responses filed September 15, 2011 (Docket No. 57) is granted, and plaintiff shall have up to and including November 21, 2011 to serve his discovery responses on defendants.

4. Plaintiff's request for a protective order compelling prison staff to make copies for him or provide him with access to the law library to make copies filed September 15, 2011 (Docket No. 57) is denied without prejudice.

5. Defendants' request for an extension of time to depose plaintiff filed October 7, 2011 (Docket No. 60) is granted, and defendants shall have up to and including November 21, 2011 to depose plaintiff.

6. Defendants' request to conduct plaintiff's deposition via videoconference filed October 4, 2011 (Docket No. 59) is granted.

////

1    Further, it is hereby RECOMMENDED that plaintiff's motion for a preliminary
2 injunction filed July 18, 2011 (Docket No. 50) be denied.
3    These findings and recommendations are submitted to the United States District Judge
4 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
5 after being served with these findings and recommendations, any party may file written
6 objections with the court and serve a copy on all parties.  Such a document should be captioned
7 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
8 within the specified time may waive the right to appeal the District Court's order. *Turner v.*
9 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
10 DATED: November 30, 2011.

*[signature]*

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE