1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RICHARD MANUEL BURGOS,

11              Plaintiff,                    No. CIV S-10-3274 GEB EFB P

12        vs.

13   ROBERT LONG, et al.,
                                              ORDER AND
14              Defendants.                   FINDINGS AND RECOMMENDATIONS

15   _____/

16        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

17   U.S.C. § 1983.  He filed a motion to compel (Dckt. No. 66), a motion for a preliminary

18   injunction and request for appointment of counsel (Dckt. No. 71), and a request for an extension

19   of time (Dckt. No. 72).  Subsequently, defendants filed a motion for summary judgment (Dckt.

20   No. 74), and plaintiff then requested an extension of time to oppose the motion for summary

21   judgment (Dckt. No. 78), as well as an order directing prison officials to provide him with copies

22   in excess of the 50-page limit (Dckt. No. 81).  Thereafter, defendants requested an extension of

23   time to file their reply brief (Dckt. No. 82).  The court addresses these motions below.

24   I.     Plaintiff's Motion to Compel

25        On November 3, 2011, plaintiff filed a motion to compel defendants to respond to

26   interrogatories and requests for production that he served on September 21, 2011, and to requests

1

1   for admissions that he served on October 24, 2011.  *See* Dckt. No. 66 at 97 (proof of service for

2   motion to compel); *id.* at 29, 78 (proofs of service for discovery requests).[1]

3          The discovery and scheduling order required that all requests for written discovery be

4   served not later than August 12, 2011, and that motions to compel be filed by October 14, 2011.

5   Dckt. No. 47.  Plaintiff concedes that his discovery requests were served after the deadline set by

6   the discovery and scheduling order.  Dckt. No. 66 at 89.  Defendants oppose the motion on the

7   grounds that it is untimely, and because plaintiff's discovery requests were also untimely.  Dckt.

8   No. 68.  In his motion, plaintiff attempts to explain why his discovery requests were late, which

9   the court construes as a request to modify the scheduling order.

10         A scheduling order may be modified upon a showing of good cause.  Fed. R. Civ. P.

11  16(b).  Good cause exists when the moving party demonstrates he cannot meet the deadline

12  despite exercising due diligence.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th

13  Cir. 1992).  Plaintiff states that on July 13, 2011, prison officials seized his legal materials, and

14  returned some of those materials to him on July 15, 2011.  Dckt. No. 66 at 88-89.  Plaintiff also

15  states he was denied library access from August 15, 2011 though August 22, 2011.  *Id.* at 89.

16         On November 30, 2011 the court addressed plaintiff's motion for injunctive relief

17  regarding the property that was taken from him on July 13, 2011.  Dckt. No. 69.  The court found

18  that plaintiff had "not identified any specific item of property needed for his litigation activities

19  that was not returned to him," and that there was no reason to disbelieve defendants' evidence

20  "that plaintiff's necessary legal documents were returned to him on July 15, 2011 . . . ."  *Id.* at 3.

21  The undersigned therefore recommended that plaintiff's motion be denied, and on February 6,

22  2012, the district judge adopted that recommendation and denied plaintiff's motion as moot.[2]

23

24         [1] Page citations to items on the court's docket reflect the page numbers assigned by the
    court's electronic docketing system and not the numbers assigned by the parties.

25

26         [2] Plaintiff's December 9, 2011 request for an extension of time to file objections (Dckt.
    No. 72), is therefore denied as moot.

2

1    Here, plaintiff does not sufficiently explain why he could not serve his discovery requests

2   by the August 12, 2011 deadline, despite exercising due diligence.  Like his motion for

3   injunctive relief, the instant motion to compel fails to identify what property in particular

4   plaintiff needed in order to prepare his discovery requests, and the record reflects that the seized

5   property was returned to him only two days later, on July 15, 2011.  Additionally, plaintiff's

6   statements regarding lack of library access beginning on August 15, 2011, are irrelevant, given

7   that the scheduling order required that all requests for written discovery be served not later than

8   August 12, 2011.  It appears that plaintiff was not diligent in preparing his discovery requests,

9   and that is why his discovery requests were late.  Plaintiff has not satisfied the good cause

10   requirement for modification of the schedule.  Plaintiff's motion to compel (Dckt. No. 66) is

11   therefore denied.

12   **II.     Plaintiff's Motion for a Preliminary Injunction and Request for Counsel**

13    On December 1, 2011, plaintiff filed the same motion for preliminary injunctive relief in

14   three separate actions that he is litigating.  *See* Dckt. No. 71 (listing three separate cases on cover

15   page).  Plaintiff's motion for injunctive relief, filed while confined to Pleasant Valley State

16   Prison, is premised on plaintiff's claims that "defendants . . . continue to house plaintiff with

17   unstable, dangerous, violent and mentally ill patients," and that their placement of plaintiff in

18   administrative segregation on November 21, 2011 interferes with his ability to litigate his three

19   lawsuits.  *Id.* at 1; *see also* Dckt. No. 19 (plaintiff's April 6, 2011 notice of change of address to

20   Pleasant Valley State Prison).  Plaintiff requests a court order that would grant him single cell

21   status, require "defendants and their agents" to stop all forms of retaliation, transfer plaintiff

22   back to California State Prison, Solano, and sanction "defendants and their agents" for "using the

23   mentally ill patient as a personal weapon on plaintiff . . . ." Dckt. No. 71 at 8.  Plaintiff also

24   requests appointment of counsel.  *Id.*

25    A preliminary injunction will not issue unless necessary to prevent threatened injury that

26   would impair the court's ability to grant effective relief in a pending action.  *Sierra On-Line, Inc.*

1    *v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871

2    F.2d 863 (9th Cir. 1989).  A preliminary injunction represents the exercise of a far reaching

3    power not to be indulged except in a case clearly warranting it.  *Dymo Indus. v. Tapeprinter,*

4    *Inc.*, 326 F.2d 141, 143 (9th Cir. 1964).  In order to be entitled to preliminary injunctive relief, a

5    party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer

6    irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor,

7    and that an injunction is in the public interest."  *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127

8    (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008)).  The Ninth

9    Circuit has also held that the "sliding scale" approach it applies to preliminary injunctions--that

10   is, balancing the elements of the preliminary injunction test, so that a stronger showing of one

11   element may offset a weaker showing of another--survives *Winter* and continues to be valid.

12   *Alliance for Wild Rockies v. Cottrell*, 622 F.3d 1045, 1050 (9th Cir. 2010).  "In other words,

13   'serious questions going to the merits,' and a hardship balance that tips sharply toward the

14   plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter*

15   test are also met."  *Id.*  In cases brought by prisoners involving conditions of confinement, any

16   preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the

17   harm the court finds requires preliminary relief, and be the least intrusive means necessary to

18   correct the harm."  18 U.S.C. § 3626(a)(2).

19        Plaintiff fails to show a likelihood of success on the merits.  In this action, plaintiff

20   proceeds on claims that defendants at California State Prison, Solano, subjected him to cruel and

21   unusual punishment by forcing him to work at a job that required him to take actions that caused

22   him pain due to his serious medical conditions.  He claims defendant Long advised him that if he

23   did not work, he would be transferred.  Dckt. No. 1 at 8.  He requests damages and an injunction

24   ordering defendants to provide him with a proper work assignment based on his physical

25   limitations.  *Id.* at 12.  The allegations on which plaintiff bases his motion for preliminary

26   injunctive relief concern unrelated events that occurred at Pleasant Valley State Prison after

4

1  plaintiff filed the complaint in this action.  Those allegations are properly the subject of another

2  lawsuit and cannot be cannot be adjudicated in this action, where they cannot be properly

3  exhausted through the administrative appeals process.  *See McKinney v. Carey*, 311 F.3d 1198,

4  1199-1201 (9th Cir. 2002) (per curiam) *and Rhodes v. Robinson*, 621 F.3d 1002, 1004-07 (9th

5  Cir. 2010) (together holding that claims must be exhausted prior to the filing of the original or

6  supplemental complaint); *Jones v. Felker*, No. CIV S-08-0096 KJM EFB P, 2011 U.S. Dist.

7  LEXIS 13730, at *11-15 (E.D. Cal. Feb. 11, 2011); Fed. R. Civ. P. 20(a)(2) (multiple defendants

8  may be joined in an action only where the suit regards "the same transaction, occurrence, or

9  series of transactions or occurrences" or "any question of law or fact common to all

10  defendants").

11        Moreover, prison officials at Pleasant Valley State Prison, against whom plaintiff appears

12  to seek injunctive relief, are not a parties to this lawsuit.  The court cannot issue an order against

13  individuals who are not parties to a suit pending before it.  *See Zenith Radio Corp. v. Hazeltine*

14  *Research, Inc.*, 395 U.S. 100, 112 (1969).  *See also Zepeda v. United States Immigration Service*,

15  753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal

16  jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to

17  determine the rights of persons not before the court.").  To the extent plaintiff actually requests

18  injunctive relief against the defendants at California State Prison, Solano, the request is moot

19  because he is no longer confined to that institution.  *See Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th

20  Cir. 1995) (an inmate's transfer from a prison while his claims are pending will generally moot

21  any claims for injunctive relief relating to that prison's policies).

22        Accordingly, plaintiff's motion for preliminary injunctive relief, must be denied.

23        Additionally, plaintiff requests the appointment of counsel.  District courts lack authority

24  to require counsel to represent indigent prisoners in section 1983 cases.  *Mallard v. United States*

25  *Dist. Court*, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an

26  attorney to voluntarily to represent such a plaintiff.  *See* 28 U.S.C. § 1915(e)(1); *Terrell v.*

1  *Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36

2  (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must

3  consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate

4  his claims pro se in light of the complexity of the legal issues involved.  *Palmer v. Valdez*, 560

5  F.3d 965, 970 (9th Cir. 2009).  The court finds there are no exceptional circumstances in this

6  case.

7  **III.    Plaintiff's Request for An Extension of Time and for An Order to Provide Copies**

8       After defendants moved for summary judgment, plaintiff requested an extension of time

9  to file a response.  Dckt. No. 78.  Thereafter, plaintiff filed a 56-page response to the motion.

10  Pl.'s Feb. 17, 2012 Opp'n to Defs.' MSJ, Dckt. No. 80.  Good cause appearing, the court grants

11  plaintiff's request for an extension of time to file his opposition brief, and deems his February

12  17, 2012 opposition brief timely filed.

13       Plaintiff also requests a court order to obtain copies of supporting exhibits A-J, which

14  consist of 244 pages.  Dckt. Nos. 78, 81.  Plaintiff claims prison officials have refused to provide

15  him with more than 50-pages of copies and provides a copy of section 3162 of title 15 of the

16  California Code of Regulations, which states that copies of legal documents "shall be limited to

17  the maximum number of pages needed for the filing, not to exceed 50 pages in total length,

18  except when necessary to advance litigation."  Dckt. No. 78 at 4 (citing Cal. Code Regs. tit. 15,

19  § 3162(c), (d)(10)).  The regulation requires that the inmate "provide to designated staff a written

20  explanation of the need for excess document length."  *Id.*

21       A court order is not necessary at this time.  Plaintiff does not state whether he complied

22  with the requirement that he provide designated staff with a written explanation of his need for

23  additional copies.  Plaintiff may obtain the requested copies if he properly requests them

24  pursuant to section 3162(d)(10)).  Even if plaintiff's request is denied, he may overcome the 50-

25  page copy limit by separating the exhibits to his opposition to the motion for summary judgment

26  into documents of 50 pages or less.

1    Based on the foregoing, plaintiff's request for a court order directing prison officials to

2  make extra copies is denied.  Plaintiff may, within 30 days from the date of this order, file

3  exhibits A-J to his opposition to defendants' summary judgment motion.  Should plaintiff require

4  additional time, he must request an extension of time.  Fed. R. Civ. P. 6(b).

5  **IV.   Defendants' Request for An Extension of Time**

6    Defendants request an extension of time to file and serve a reply to plaintiff's opposition

7  to their motion for summary judgment.  Dckt No. 82.  Defendants' request is granted.

8  Defendants shall file their reply within 30 days of the date on which plaintiff files exhibits A-J to

9  his opposition, or the date by which plaintiff's exhibits A-J are due, whichever is earlier.

10  **V.   Conclusion**

11    Accordingly, IT IS HEREBY ORDERED that:

12    1.  Plaintiff's November 7, 2011 motion to compel (Dckt. No. 66) is denied.

13    2.  Plaintiff's December 1, 2011 request for appointment of counsel (Dckt. No. 71) is

14  denied.

15    3.  Plaintiff's December 9, 2011 request for an extension of time (Dckt. No. 72) is denied.

16    4.  Plaintiff's January 30, 2012 request for an extension of time (Dckt. No. 78) is granted

17  and his February 17, 2012 opposition brief (Dckt. No. 80) is deemed timely filed.

18    5.  Plaintiff's request for a court order directing prison officials to provide him with

19  copies in excess of 50-pages (Dckt. No. 81) is denied.  Plaintiff may, within 30 days from the

20  date of this order, file exhibits A-J to his opposition to defendants' summary judgment motion.

21    6.  Defendants' February 27, 2012 request for an extension of time (Dckt. No. 82) is

22  granted.  Defendants shall file their reply within 30 days of the date on which plaintiff files

23  exhibits A-J to his opposition, or the date by which plaintiff's exhibits A-J are due, whichever is

24  earlier.

25  ////

26  ////

7

1    Further, IT IS HEREBY RECOMMENDED that plaintiff's December 1, 2011 motion for

2    a preliminary injunction (Dckt. No. 71) be denied.

3    These findings and recommendations are submitted to the United States District Judge

4    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

5    after being served with these findings and recommendations, any party may file written

6    objections with the court and serve a copy on all parties.  Such a document should be captioned

7    "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

8    within the specified time may waive the right to appeal the District Court's order. *Turner v.*

9    *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

10   Dated:  April 18, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE