IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD MANUEL BURGOS,

    Plaintiff,                    No. CIV S-10-3274 GEB EFB P

    vs.

ROBERT LONG, et al.,

    Defendants.               ORDER

_____/

        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Pending before the court is defendants' January 5, 2012 motion for summary judgment. This order addresses plaintiff's May 4, 2012 requests for a court order to obtain exhibits A-J to file in support of his opposition to the motion for summary judgment, and for default judgment on the ground that defendants have not yet filed a reply to plaintiff's opposition brief. Dckt. Nos. 84, 85.

        Plaintiff previously requested a court order to obtain exhibits A-J to file in support of his opposition brief. Dckt. No. 81. On April 19, 2012, the court addressed that filing:

> Plaintiff also requests a court order to obtain copies of supporting exhibits A-J, which consist of 244 pages. Dckt. Nos. 78, 81. Plaintiff claims prison officials have refused to provide him with more than 50-pages of copies and provides a copy of section 3162 of title 15 of the California Code of Regulations, which

1

> states that copies of legal documents "shall be limited to the maximum number of pages needed for the filing, not to exceed 50 pages in total length, except when necessary to advance litigation." Dckt. No. 78 at 4 (citing Cal. Code Regs. tit. 15, § 3162(c), (d)(10)). The regulation requires that the inmate "provide to designated staff a written explanation of the need for excess document length." *Id.*
>
> A court order is not necessary at this time. Plaintiff does not state whether he complied with the requirement that he provide designated staff with a written explanation of his need for additional copies. Plaintiff may obtain the requested copies if he properly requests them pursuant to section 3162(d)(10)). Even if plaintiff's request is denied, he may overcome the 50-page copy limit by separating the exhibits to his opposition to the motion for summary judgment into documents of 50 pages or less.

Dckt. No. 83 at 6. Plaintiff's May 4, 2012 request in not at all responsive to the court's order. He does not indicate whether he complied with the requirement that he provide designated staff with a written explanation of his need for additional copies. Nor does plaintiff attempt to overcome the 50-page copy limit by separating his exhibits into sets of documents of 50 pages or less. Plaintiff's request must therefore be denied.

Plaintiff also seeks "default judgment" against defendants because they have not filed a reply to his opposition brief. Dckt. No. 85. Defendants oppose the motion, directing plaintiff to the court's April 19, 2012 order. Dckt. No. 86. In its April 19, 2012 order, the court addressed the timing of defendants' reply as follows:

> Defendants shall file their reply within 30 days of the date on which plaintiff files exhibits A-J to his opposition, or the date by which plaintiff's exhibits A-J are due, whichever is earlier.

Dckt. No. 83 at 7. Thus, defendants' reply brief is not yet due. Moreover, a reply brief is an optional filing, and any failure file a reply brief would not entitled plaintiff to a default judgment. *See* Fed. R. Civ. P. 55 (Default; Default Judgment). Plaintiff's motion for default judgment is therefore denied.

////

////

////

Accordingly, IT IS HEREBY ORDERED that plaintiff's May 4, 2012 requests for a court order for copies of exhibits A-J and for default judgment, Dckt. Nos. 84, 85, are denied.

Dated: May 15, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE