IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD MANUEL BURGOS,

        Plaintiff,                    No. 2:10-cv-3274 GEB EFB P

        vs.

ROBERT LONG, et al.,

        Defendants.              <u>ORDER</u>

                              /

        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Currently pending before the court is defendants' January 5, 2012 motion for summary judgment. Plaintiff filed an opposition brief, but was granted an extension of time to file supporting exhibits, which he has not yet filed. However, in light of recent Ninth Circuit case authority and to ensure that plaintiff has "fair, timely and adequate notice" of what is required of him to oppose defendants' motion, the court must deny defendants' motion without prejudice to its re-filing, and to concurrently serving plaintiff with notice of the requirements for opposing a motion for summary judgment. *See Woods v. Carey*, __ F.3d __, Nos. 09-15548, 09-16113, 2012 U.S. App. LEXIS 13779 (9th Cir. July 6, 2012) ("The *only* satisfactory practice to ensure that prisoners receive adequate notice pursuant to *Rand* . . . is to provide such notice *at the time that the relevant motions are filed*." (emphasis added)); *Rand v. Rowland*, 154 F.3d 952,

960 (1998) (en banc) (requiring that the notice state that the court has required that it be given and that it be set forth in a separate document that is served with the moving papers).

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion for summary judgment (Dckt. No. 74) is denied without prejudice.   2. Within fourteen days of the date of this order, defendants may re-file and re-serve their January 5, 2012 motion for summary judgment.  Defendants must contemporaneously serve with the motion, but in a separate document, a copy of the attached "*Rand* Notice," which provides plaintiff with notice of the requirements for opposing defendants' motion. **Failure to do so may constitute grounds for denial of the motion.**

3. If defendants re-serve their motion, plaintiff may thereafter file and serve an amended opposition (including all relevant exhibits) within thirty days.  If plaintiff fails to file an amended opposition, the court will consider his existing opposition in resolving defendants' motion. *See* Pl.'s Feb. 17, 2012 Opp'n to Defs.' Mot. for Summ. J., Dckt. No. 80.

4. If plaintiff files an amended opposition, defendants may thereafter file an amended reply within fourteen days.

DATED: July 24, 2012.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

1

2 IN THE UNITED STATES DISTRICT COURT

3 FOR THE EASTERN DISTRICT OF CALIFORNIA

4 RICHARD MANUEL BURGOS,

5      Plaintiff,                      No. 2:10-cv-3274 GEB EFB P

6     vs.

7 ROBERT LONG, et al.,

8      Defendants.           *RAND* NOTICE[*]

9 _____/

      The court requires that you be provided with this notice regarding the requirements for opposing a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

      When a defendant moves for summary judgment, the defendant is requesting that the court grant judgment in defendant's favor without a trial. If there is no real dispute about any fact that would affect the result of your case, the defendant who asked for summary judgment is entitled to judgment as a matter of law, which will end your case against that defendant. A motion for summary judgment will set forth the facts that the defendant asserts are not reasonably subject to dispute and that entitle the defendant to judgment.

      To oppose a motion for summary judgment, you must show proof of your claims. To do this, you may refer to specific statements made in your complaint if you signed your complaint under penalty of perjury and if your complaint shows that you have personal knowledge of the matters stated. You may also submit declarations setting forth the facts that you believe prove your claims, as long as the person who signs the declaration has personal knowledge of the facts stated. You may also submit all or part of deposition transcripts, answers to interrogatories, admissions, and other authenticated documents. For each of the facts listed in the defendant's Statement of Undisputed Facts, you must admit the facts that are undisputed, and deny the facts that are disputed. If you deny a fact, you must cite to the proof that you rely on to support your denial. *See* L.R. 260(b). If you fail to contradict the defendant's evidence with your own evidence, the court may accept the defendant's evidence as the truth and grant the motion. The court will consider a request to postpone consideration of the defendant's motion if you submit a declaration showing that for a specific reason you cannot present such facts in your opposition. If you do not respond to the motion, the court may consider your failure to act as a waiver of your opposition. *See* L.R. 230(l).

      If the court grants the defendant's motion, whether opposed or unopposed, judgment will be entered for that defendant without a trial and the case will be closed as to that defendant.

---

[*] This notice is provided to ensure that you, a pro se prisoner plaintiff, "have fair, timely and adequate notice of what is required" to oppose a motion for summary judgment. *See Woods v. Carey*, __ F.3d __, Nos. 09-15548, 09-16113, 2012 U.S. App. LEXIS 13779, at *1 (9th Cir. July 6, 2012); *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998).