IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD MANUEL BURGOS,

      Plaintiff,                        No. 2:10-cv-3274 GEB EFB P

      vs.

ROBERT LONG, et al.,

      Defendants.                ORDER

_____/

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. This action proceeds on plaintiff's claim that defendants were deliberately indifferent to his medical needs when they required him to work at a porter job, which he could not perform due to various medical ailments. In his February 6, 2013 filing, plaintiff states that his personal and legal property was packed up when he transferred to a new prison and requests that the court order that his property be returned to him. Plaintiff has not indicated whether he has completed the administrative process available at his institution with regard to this complaint. In addition, plaintiff was not facing a court deadline when he filed his request.

      Should any delay in the return of plaintiff's legal property interfere with his ability to meet a court-imposed deadline in the future, plaintiff may request that the court grant him an extension of time, explaining why he has been unable to meet the deadline in the time provided.

1

1  If plaintiff seeks additional time on the grounds he did not have adequate access to his property,
2  he must indicate why he is unable to meet the deadline without that property, what specific
3  requests he has made for access to that property, and how prison officials have responded to
4  those requests.

5  To the extent plaintiff seeks the return of his personal property, such claims cannot be
6  adjudicated in this action, where they cannot be properly exhausted through the administrative
7  appeals process.  *See McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (per curiam)
8  and *Rhodes v. Robinson*, 621 F.3d 1002, 1004-07 (9th Cir. 2010) (together holding that claims
9  must be exhausted prior to the filing of the original or supplemental complaint); *Jones v. Felker*,
10 No. CIV S-08-0096 KJM EFB P, 2011 U.S. Dist. LEXIS 13730, at *11-15 (E.D. Cal. Feb. 11,
11 2011); Fed. R. Civ. P. 20(a)(2) (multiple defendants may be joined in an action only where the
12 suit regards "the same transaction, occurrence, or series of transactions or occurrences" or "any
13 question of law or fact common to all defendants").  Accordingly, plaintiff's request for the
14 return of his personal property must be denied.

15 Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the return of his
16 legal and personal property (Dckt. No. 104) is denied.

17 Dated:  March 6, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE